NO. 07-04-0491-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



AUGUST 8, 2005



______________________________



BILLIE JEAN WINKLE, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 316TH DISTRICT COURT OF HUTCHINSON COUNTY;



NO. 9306; HONORABLE WILLIAM D. SMITH, JUDGE


_______________________________




Before REAVIS and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 Appellant, Billie Jean Winkle, appeals her jury imposed sentence for two convictions
of manslaughter. We affirm.

Background


 Appellant, Billie Jean Winkle, was the driver of a vehicle that collided with Georgia
and George Slaybaugh's vehicle. The Slaybaughs died from injuries sustained in the
collision.

 Appellant pled guilty to two charges of manslaughter and elected to have a jury
assess punishment. Prior to the punishment hearing, and outside the presence of the jury,
the trial court reviewed the photographs and listened to the testimony of Dr. Ben Bristol, the
medical examiner who performed the Slaybaugh autopsies. At the conclusion of the
hearing, the trial court ruled that the photographs were not unduly prejudicial, and were
admissible during the punishment hearing.

Standard of Review


 A trial court's decision to admit or exclude evidence is reviewed for an abuse of
discretion. Montgomery v. State, 810 S.W.2d 372, 392 (Tex.Crim.App. 1990) (op. on
reh'g). The trial court abuses its discretion only if the reviewing appellate court can say with
confidence that no reasonable perception of the matter under consideration could have
yielded the decision made by the court. See id. at 391. Relevant evidence may be
excluded if its probative value is substantially outweighed by the danger of unfair prejudice. 
Tex. R. Evid. 403. (1) 

Law and Analysis


 Appellant contends that the trial court erred in admitting photographs because their
probative value was greatly outweighed by their prejudicial effect under Rule 403. (2) Once
a Rule 403 objection is raised, the trial court must weigh the probative value of the
evidence against its prejudicial effect. See id. at 389. However, we can presume the trial
court conducted a balancing test when it overrules an objection. See Yates v. State, 941
S.W.2d 357, 367 (Tex.App.-Waco 1997, pet. ref'd).

 When assessing the prejudicial effects of the photographs under a Rule 403
balancing test, relevant factors include the number, size, detail, and gruesomeness of the
photographs. See Long v. State, 823 S.W.2d 259, 270 (Tex.Crim.App. 1991). Further
factors affecting the prejudicial effect of the photos can include whether the photographs
are color or black-and-white, whether the photos are close ups, and whether the subject
is clothed or naked. Id. We now consider these factors in determining whether the trial
court abused its discretion.

 The State did not seek to admit numerous photographs and specifically did not seek
to admit photographs taken during the autopsy that arguably would have been more
gruesome. The photographs admitted in this case were pre-autopsy without large amounts
of blood. The photographs depicting injuries showed bruising, cuts and scrapes but were
not close ups. The photographs used for identification were close ups, but did not depict
injuries. None of the photographs depicted any inappropriate nudity. At both the pretrial
hearing and the punishment hearing before the jury, Bristol used the photographs to either
describe the injuries, cause of death, or identification of the victims. Considering the
factors before the trial court, we conclude that the trial court conducted an appropriate
balancing test under Rule 403, and did not abuse its discretion in admitting the photographs
that were limited in number, showed very little blood, and were used by the medical
examiner for the purpose of explaining the injuries suffered by the victims. Id. at 272-73.

Conclusion


 For the foregoing reasons, we affirm the trial court. 


 Mackey K. Hancock

 Justice








Do not publish. 
1. Further references to the Texas Rules of Evidence will be by reference to "Rule
__".
2. Although appellant contends on appeal that the photographs were prejudical, she
fails to specify which autopsy photographs were more prejudical than probative. For
purposes of this appeal, we will consider the group of pre-autopsy photographs to which
appellant objected during trial, namely State's exhibits 53, 54, 56, 59, 60, 62, and 63. Any
complaint with regard to other photographs has not properly been preserved. Tex. R. App.
P. 33.1.